UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE MACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-CV-892 HEA |
| | ) |
| THE U.S. MARSHALS SERVICE, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant U.S. Marshals Service's Motion to Dismiss as Duplicative or, in the Alternative, to Consolidate and Stay. (ECF No. 6). Plaintiff Jacqueline Mack, who is proceeding in this matter *pro* se without the assistance of counsel, failed to respond to the Motion and the time to do so has expired. For the reasons that follow, Defendant's Motion to Dismiss this cause of action as duplicative is granted.

### *I. Background*

On May 21, 2024, Plaintiff brought suit against Defendant U.S. Marshals Service in the Associate Circuit Court of the City of St. Louis, State of Missouri. The state court petition alleges "I was falsely arrested[.] Wasn't presented any warrants to arrest nor search my apartment. My ID was stolen[. ] Someone committed a crime in Texas which I hadn't been in Texas[.] I have no knowledge of

the incident." (ECF No. 3 at 1). Plaintiff attached to the form petition, a typed "Comprehensive Complaint for Small Claims," in which she asserts claims of false arrest and negligence against Defendant U.S. Marshals Service based on an arrest that took place on November 1, 2023, following Plaintiff's indictment in the U.S. District Court for the Southern District of Texas. (ECF No. 3 at 2-10). Plaintiff alleges that she "was wrongfully arrested at her home by the U.S. Marshals Service based on mistaken identity, with a falsified version of her personal identification [that] altered age and dates being misused by an unknown criminal in Texas." (*Id.* at 4). On June 27, 2024, Defendant U.S. Marshals Service removed the case to this Court pursuant to 28 U.S.C. § 1442, where it was docketed as the above-captioned case of action. *Mack v. The U.S. Marshals Service,* No. 4:24-CV-892 HEA.

On May 21, 2024, Plaintiff brought a separate suit in the Associate Circuit Court of the City of St. Louis, State of Missouri against Alamdar Hamdani, U.S. Attorney for the Southern District of Texas, Adam Goldman, an Assistant United States Attorney in the Southern District of Texas, and the U.S. Marshals Service. This state court petition alleges the following: "Indicted & had falsely arrested by the Missouri US Marshal[]s Eastern District. Someone stole my ID & made a fake one & committed a crime in Texas[.] I haven't been to Texas[.] I reside in Missouri & have no knowledge of the incident in Texas." *See* 4:24-CV-889 HEA, ECF No. 1, Ex. 3 at 2. Plaintiff attached to the form petition in this separate case the same typed

2

"Comprehensive Complaint for Small Claims." On June 26, 2024, Defendants Hamdani, Goldman, and the U.S. Marshals Service removed the cause of action pursuant to 28 U.S.C. § 1442, where it was docketed as *Mack v. Hamdani, et al.,* No. 4:24-CV-889 HEA.

## II. Discussion

Defendant U.S. Marshals Service now moves to dismiss the above-captioned cause of actions as duplicative litigation. It argues Plaintiff is bringing the same claims against it in two separate suits. The Court has carefully reviewed the state court petitions in this case, 4:24-CV-892 HEA, and *Mack v. Hamdani, et al.,* No. 4:24-CV-889 HEA, and finds that they are nearly identical. The only difference is that in the case at bar, Plaintiff is bringing claims against the U.S. Marshals Service only, while in *Mack v. Hamdani, et al.,* No. 4:24-CV-889 HEA, Plaintiff is bringing claims against Defendants Hamdani, Goldman, *and* the U.S. Marshals Service.

The Court agrees with the premise that a party has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citing *United States v. Haytian Republic,*154 U.S. 118, 123-24 (1894). *See also Mendoza v. Amalgamated Transit Union Int'l,* 30 F.4th 879, 889 (9th Cir. 2022) (affirming lower court's dismissal of duplicative suit); *Cunningham v. Admin. Off. of United States Cts.*, 825 F. App'x 2 (D.C. Cir. 2020) (same); *In re Perry*, 734 F.

3

App'x 533, 534 (9th Cir. 2018) (same); *Harris v. Correction Mgmt. Affiliates, Inc.*, 92 F.3d 1196 (10th Cir. 1996) (same); *compare Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 955 (8th Cir. 2001) ("a plaintiff may not simultaneously litigate two federal actions against the same defendant involving the same controversy"). The Court, therefore, dismisses without prejudice this cause of action as duplicative litigation against Defendant U.S. Marshals Service. This is not a decision on the merits of Plaintiff's claims. Plaintiff may attempt to pursue her claims against Defendant U.S. Marshals Service in *Mack v. Hamdani, et al.,* No. 4:24-CV-889 HEA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant U.S. Marshals Service's Motion to Dismiss is **GRANTED.** Defendant U.S. Marshals Service's Alternative Motion to Consolidate and Stay is **DENIED as moot.** [ECF No. 6]

**IT IS FURHER ORDERED** that Plaintiff Jacqueline Mack's claims against Defendant U.S. Marshals Service are **DISMISSED without prejudice** as duplicative of her claims against the same defendant in *Mack v. Hamdani, et al.,* No. 4:24-CV-889 HEA.

The Court will issue a separate Order of Dismissal.

Dated this 17th day of December, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

5